HALL, Judge.
The state challenges the order granting Dennis Miller’s motion to suppress, alleging that the police did have reasonable suspicion based on an anonymous tip to stop Miller. We agree and reverse.
The following facts were revealed at the hearing on Miller’s motion to suppress. On October 29, 1990, Detective Joseph Hayes of the Sarasota Sheriff’s Department received an anonymous telephone call from a person whose relative had purchased cocaine from Miller in the past and who was irate that Miller had never been apprehended. The informant gave a physical description of Miller and his address, and he described Miller’s vehicles and gave their tag numbers. The informant stated that Miller drove south to the Engle-wood/Fort Myers area to traffic in drugs, generally using his 1977 Ford Fairmont rather than his 1984 Corvette in order to protect the Corvette from forfeiture. The informant also said he had overheard conversations by and about Miller regarding Miller’s drug trafficking.
Detective Hayes confirmed the accuracy of the information the anonymous informant had given him. He also discovered through conversations with other detectives investigating narcotics crimes that Miller was known to be involved with drugs and his name had specifically come up during an investigation of cocaine trafficking in his neighborhood.
The anonymous informant called again on November 6, 15, and 19, 1990. He stated that during this period there had been a high volume of vehicular traffic coming to Miller’s house, staying a couple of minutes, and then leaving. The informant said it appeared Miller did not hold a regular job. Detective Hayes testified that the high volume of traffic stopping for short periods at Miller’s house suggested the distribution of narcotics. Detective Hayes spot checked the house and saw no such traffic, but he did not conduct long-term surveillance. Detective Hayes also testified that sometime after the November 19 call he learned from various confidential informants that Miller was known to traffic in large quantities of cocaine.
Detective Hayes heard from the anonymous informant again on December 7, 1990. The informant said Miller was going to travel south to the Fort Myers area before noon in his 1977 Ford to pick up a cocaine shipment. Detective Hayes and another detective surveilled Miller’s house the next day beginning at 7:30 a.m.' Miller did leave, heading south, and the detectives followed him to a shopping center in the Englewood area. Miller went in the back door of one of the businesses in the shopping center. A few minutes later he drove across the street to a gas station, refueled his car, and made and received several phone calls from a pay phone. Detective Hayes testified that it is common practice among drug traffickers to conduct their business using pay phones in order to avoid law enforcement interception.
The anonymous informant next called on February 27, 1991. He advised Detective Hayes that Miller would be traveling south to the Englewood or Fort Myers area to pick up a quantity of cocaine and make some deliveries on his way back. The informant stated that Miller would be using his Corvette because the Ford was out of commission. He also stated that Miller would be returning at approximately 2:30 p.m. but, because of the stops he had to make on the way, it might be later. Detective Hayes and his colleagues set up surveillance of Miller and stopped him as he was returning home from the south around 3:30 p.m. Upon indication from a trained narcotics detection dog, they searched Mil *1212 ler’s vehicle and found approximately 29.5 grams of cocaine, $4400 in cash, and a gym bag. Miller does not challenge the search of his vehicle.
We believe the totality of the circumstances of this case gave the detectives the reasonable suspicion necessary to stop Miller. As in Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), the information provided by the anonymous informant included easily obtained facts and conditions existing at the time the information was relayed as well as predictions of Miller’s future activities. It is this latter type of information and its corroboration by law enforcement that the Supreme Court found critically important to heightening the reliability of an anonymous informant’s tip to the level at which it could be acted upon.
On two separate occasions the informant provided what proved through corroboration by the detectives to be accurate predictions of Miller’s future activities of driving south in a particular vehicle to the Engle-wood area at particular times. Those predictions afforded all of the information he had given the degree of reliability necessary to support a stop under Alabama v. White.
Accordingly, we reverse the order granting Miller’s motion to suppress and remand with directions consistent with this opinion.
RYDER, A.C.J., and FRANK, J., concur.